IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| RONALD SATISH EMRIT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:24-CV-00034-H-BU |
| P DIDDY COMBS, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Ronald Satish Emrit brings this suit against Defendants P Diddy Combs Bad Boy Entertainment, and Atlantic Records (collectively, "the Defendants") for products liability claims regarding Combs's vodka and fragrance brands alongside other torts. *See* Dkt. No. 1. He also makes a passing reference to Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq*.). *Id.* at 4.

This case was automatically referred to the undersigned for pretrial management under Special Order 3-251. The Court granted Emrit leave to proceed *in forma pauperis*, which subjects his Complaint to the Court's preliminary screening under 28 U.S.C. § 1915. Dkt. No. 5. For the reasons below, the Court should dismiss Emrit's claims without prejudice and seriously consider imposing sanctions against him.

1

## LEGAL STANDARDS AND ANALYSIS

### 1.    *Subject-matter jurisdiction*

"Jurisdiction is always first." *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022) (quoting *Arulnanthy v. Garland*, 17 F.4th 586, 592 (5th Cir. 2021)). "Hypothetical jurisdiction produces nothing more than a hypothetical judgment[.]" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998).

"Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007); *see also Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims."). As a result, federal courts have an independent duty to examine their own subject-matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999) ("Subject-matter limitations . . . keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level.") (citations omitted).

Because Emrit chose to file his lawsuit in federal court, it is his burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction.") (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505–06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001)). And if he does not, this lawsuit must be dismissed. *See*

2

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). Federal question jurisdiction under Section 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The Court will not assume that it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)); *see also MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make

'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Emrit's allegations are fantastical and delusional. First, he is suing three high-profile defendants—Sean "P. Diddy" Combs, Bad Boy Entertainment, and Atlantic Records—for $45 million. Dkt. No. 1 at 1. In describing the nature of his lawsuit, Emrit begins with, "Like the movie 'Trading Places' starring Eddie Murphy and Dan Aykoroyd, the plaintiff believes that he is replacing Sean "P. Diddy" Combs, Neil Portnow, Clive Davis, and Jay-Z also known as 'Shawn Carter' as the most powerful man in the music business . . . ." *Id.* at 1–2. He also acknowledges that he is "an indigent, disabled, and unemployed resident of the state of Florida and Maryland." *Id.* at 3.

Emrit's jurisdictional averments are equally bewildering. First, he asserts diversity jurisdiction, but in the United States District Court for the Eastern District of Pennsylvania, not in this Court. *Id.* at 3. He states that the principal place of business for Morgan & Morgan is not in Florida, however, Morgan & Morgan is not a party to this lawsuit. Otherwise, Emrit fails to provide any citizenship allegations for the three defendants listed in his Complaint. *Id.* at 3.

As for federal question jurisdiction, Emrit claims that the Eastern District of Pennsylvania has subject matter of this lawsuit because he invokes Title VII, the Americans with Disabilities Act (ADA), the Equal Protection Clause, the Due Process Clause, the Fourth Amendment, and the Privileges and Immunities Clause. *Id.* at 4. But even under the most liberal construction, Emrit has failed to allege any facts that could plausibly state a cognizable claim under those laws.

4

Emrit asserts that "Venue in this jurisdiction is also proper pursuant to 28 U.S.C.A. Sections 1391 and 1400," but it is unclear whether he is referring to the Eastern District of Pennsylvania or this Court. Regardless, there are no venue facts pleaded for either district. *Id.*

Finally, Emrit offers two arguments for why he has standing to bring this lawsuit. First, he claims to have standing because he is "a consumer of music and music videos and [plaintiff] often operates a motor vehicle on highways in which he sees the annoying billboards of the first plaintiff for Ciroc vodka which encourages drunk driving and violates public policy concerns of Mothers Against Drunk Driving (MADD) and anybody such as myself who agrees with their objectives." *Id.* at 6. Emrit's second claim on standing rests on his status "as a concerned American who wants to prevent an Al Capone or Pablo Escobar-like figure from having any influence over the music business or recording artists such as Cassie, Christopher Williams, Al B. Sure!, and Kim Porter." *Id.* at 7.

None of Emrit's factual allegations implicate a substantial, disputed question of federal law. *See, e.g.*, *Butler*, 762 F. App'x at 194; *cf. Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) ("Some claims are 'so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy.' Federal courts lack power to entertain these 'wholly insubstantial and frivolous' claims.") (quoting *Oneida Indian Nation of N.Y. v. Oneida Cnty.*, 414 U.S. 661, 666 (1974); *Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 343–44 (5th Cir. 1977)).

And Emrit has not affirmatively and distinctly alleged diversity jurisdiction. *See generally* Dkt. No. 1. While he alleges an amount in controversy, he fails to provide the citizenship of the defendants, nor is it likely, deducing from the quality of his litigation practices thus far, that he could. *See MidCap Media Fin.*, 929 F.3d at 313 ("To properly allege diversity jurisdiction under § 1332, the parties need to allege 'complete diversity.' That means 'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'") (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)). Regardless, this Court is neither required to abandon its common sense nor permitted to infer the existence of diversity or jurisdiction. Nor should it entertain the preposterous idea that the Abilene Division of the Northern District of Texas would be the proper forum for a lawsuit against these defendants.

In the absence of jurisdiction, the undersigned must recommend that Emrit's lawsuit be dismissed without prejudice. But if the Court disagrees, the undersigned recommends dismissal on the bases that follow.

## 2.    *Dismissal under Rule 41(b)*

The Court ordered Emrit to establish that venue is proper in the Abilene Division because his Complaint did not allege that any of the facts giving rise to his claims occurred in the State of Texas—let alone in the Abilene Division. Dkt. No. 6. In that Order, the Court warned Emrit that his failure to respond would result in the undersigned recommending the dismissal of his claims under Federal Rule of Civil Procedure 41(b). *Id.* The Court gave Emrit until March 29, 2024, to respond.

Emrit failed to respond to the Court's Order, but instead filed a bizarre document titled as a Notice of Appeal. Dkt. No. 8. Through his self-style Notice of Appeal, Emrit does not seek to appeal, but rather to have this case "sent to the First Circuit Court of Appeals in Boston, MA." *Id.* at 1. He also adds another standing argument based on his claim that he "was in the presence of Sean Combs in 2005 at Gotham in New York City at a Grammys event honoring Mariah Carey, Yoko Ono, and Jay-Z." *Id.* The remainder of his Notice of Appeal is more bizarre and delusional than his Complaint. *See id.*

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action sua sponte for failure to comply with court orders or for failure to prosecute. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). A dismissal with prejudice is appropriate only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

Emrit's failure to respond to the Court's Order furnishes the grounds for dismissing his claims under Rule 41(b) for failure to comply with a court order. If the Court has found that it has jurisdiction over this lawsuit, the undersigned recommends that the Court dismiss Emrit's claim with prejudice for the reasons explained in Section 4 below.

### 3.    Dismissal under 28 U.S.C. § 1915(e)(2)

Even if this Court has jurisdiction over Emrit's claims, and further that those claims survive dismissal under Rule 41(b), a court *must* dismiss a complaint filed *in forma pauperis* if the court determines the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in fact if it rests upon clearly baseless factual contentions, and similarly lacks an arguable basis in law if it contains indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

If a court determines that a complaint is not frivolous, it next determines whether the complaint states a claim. This determination "turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam)). In other words, a plaintiff must "plead[s] facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that support the claims. *Johnson*, 574 U.S. at 11–12 (citing Fed. R. Civ. P. 8(a)(2)–(3), (d)(1), (e)). This means the facts must allow the court "to infer more than the mere possibility of misconduct," *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678–79), and must make the claim more than merely speculative. *Chhim*, 836 F.3d at 469 (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

In screening a complaint, courts accept as true all *well-pleaded* factual allegations, *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016), and liberally construes pro se pleadings under "less stringent standards" than lawyers' pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). But "liberal construction does not require that the Court . . . create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). Ultimately, "'[d]etermining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 679).

For reasons explained in connection with jurisdiction, Emrit's claims are factually and legally frivolous. And his contentions, as best the Court can decipher them, are too irrational and incredible to plausibly support any legal claim.

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.,* "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion,'" *Stem v. Gomez*, 813 F.3d 205, 215–16 (5th Cir. 2016) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)), or where a plaintiff has already amended his claims, *see Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity

to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

Here, the undersigned concludes that Emrit's claims wholly lack a rational basis. Moreover, based on the most deferential review of his Complaint, it is unlikely that he could amend his claims to allege cogent and viable claims. Under these circumstances, the undersigned finds that further leave to amend would be futile.

### 4.    *Sanctions[1]*

Emrit is no stranger to this nation's federal courts. Indeed, he is a prolific and undeterrable filer. *See Emrit v. Barkley*, No. 23-1275, 2023 WL 3300970, at *1 (3d Cir. May 8, 2023) (per curiam) ("Emrit has filed over 500 lawsuits throughout the country.") (citing *Emrit v. Special Agent*, No. 1:22cv282-AW-HTC, 2022 WL 17824014 (N.D. Fla. Nov. 9, 2022), *report & rec. adopted*, 2022 WL 17821575). District courts across the country—including the Southern District of Texas—have already sanctioned him and declared him a vexatious litigant because of his repeated filing of factually and legally baseless lawsuits. *See Emrit v. Grammys Awards on CBS*, No. 6:23-Cv-00044, 2024 WL

---

[1] Sanctions are recommended here in connection with each of the basis for dismissal, including lack of jurisdiction. "[A] district court always has jurisdiction to impose sanctions designed to enforce its own rules, even after that court no longer has jurisdiction over the substance of a case: It is well established that a federal court may consider collateral issues after an action is no longer pending. For example, district courts may award costs after an action is dismissed for want of jurisdiction." Fleming * Assocs. v. Newby & Tittle, 529 F.3d 631, 637–38 (5th Cir. 2008) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990); *Willy v. Coastal Corp.,* 503 U.S. 131, 139 (1992)).

844936 (S.D. Tex. Feb. 28, 2024) (barring Emrit from filing without leave in the Southern District); *see also Emrit v. Special Agent*, 2022 WL 17824014, at *1 n.1 (collecting cases).

This action is Emrit's ninth lawsuit filed in the Northern District.[2] As referenced above, courts in this district have previously denied him leave to proceed IFP due to his sanctions in other courts and for filing baseless claims. *See* Dkt. No. 5 in *Emrit v. AT&T, et al.*, Civil Action No. 4:18-cv-090-O. His claims here are equally frivolous.

Emrit's frivolity continues to waste scarce judicial resources in this District. Thus, the undersigned takes the additional step of considering whether sanctions may be appropriate under Rule 11. Relevant here, Rule 11(b) provides:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Rule 11(c) provides courts with the authority to sanction a pro se litigant who have not adhered to these requirements. *Whitehead v. Food Max. of Miss., Inc.*, 332 F.3d 796, 802–03 (5th Cir. 2003). And sanctions may be appropriate when a pro se litigant has a

---

[2] *See Emrit v. The Grammys Awards on CBS*, No. 1:23-cv-00181-C; *Emrit et al. v. Binder & Binder et al.*, No. 3:14-cv-03844-D-BF; *Emrit v. Moneygram Int'l Inc. et al.*, No. 3:15-cv-03234-N-BH; *Emrit v. AT&T et al.*, No. 4:18-cv-00090-O; *Emrit v. Wells Fargo Bank Inc.*, No. 4:18-cv-00091-O; *Emrit v. Equifax Inc.*, No. 4:18-cv-00092-O; *Emrit v. Pratt et al.*, No. 4:23-cv-00344-Y; *Emrit v. Jules*, No. 4:23-cv-00697-Y.

history of filing frivolous claims. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195–97 (5th Cir. 1993).

Sanctions may take many forms. One, though, seems most appropriate here. The Fifth Circuit has upheld a lower court's imposition of an injunction that bars a plaintiff from filing additional suits in a district unless that plaintiff has received leave. *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1115 (5th Cir. 1986). Other courts have already imposed similar injunctions on Emrit. *See Emrit v. Grammys Awards on CBS*, 2024 WL 844936; *see also Emrit v. Special Agent*, 2022 WL 17824014, at *1 fn. 1. Given Emrit's analogous behavior in this District, and his indigent status preventing monetary sanctions, the undersigned believes that a filing bar sanction is warranted here.

## CONCLUSION

For the reasons explained above, the undersigned RECOMMENDS that the Court:

(1) DISMISS WITHOUT PREJUDICE Emrit's claims for lack of subject matter jurisdiction; or

(2) DISMISS WITH PREJUDICE Emrit's claims under Rule 41(b) for his failure to comply with a court order and impose sanctions on Emrit preventing him from filing in the Northern District unless he has obtained leave from a United States District Judge of this Court; or

(3) DISMISS WITHOUT PREJUDICE Emrit's claims under 28 U.S.C. § 1915(e)(2) as frivolous and for failure to state a claim upon which relief may be granted; and

(4) Sanction Emrit under Rule 11 by enjoining him from filing suit in this Court without obtaining leave.

### **RIGHT TO OBJECT**

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 10th day of April 2024.


_____

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE